UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE<br>INTERIOR<br>1849 C Street N.W.,<br>Washington, D.C. 20240,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:24-cv-01681 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of the Interior ("DOI" or the "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be

1

the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S Department of the Interior is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On September 16, 2022, PPT submitted a FOIA request to DOI (attached as Exhibit A), seeking the following records related to communications by DOI officials:

   1. From March 7, 2021, through the date this request is processed, records of communications to or from Secretary Deb Haaland, Chief of Staff Rachael Taylor, and DOI communications officials Melissa Schwartz and Tyler Cherry regarding op-eds, interviews, and other external communications discussing voting rights, voting registration and/or turnout by Native Americans and other underrepresented groups as well as the implementation of Executive Order (EO) 14019.

7. The release of these documents is in the public interest because it will help the public understand the operations and activities of the Department of the Interior in relation to voting and the implementation of EO 14019.

8. On September 16, 2022, DOI sent PPT an email confirming receipt of the request and assigning it tracking number DOI-OS-2022-006203.

9. On September 19, 2022, DOI sent PPT an email stating that PPT's request for a fee waiver was "determined to be not applicable" because "the request is not billable."

10. On September 22, 2022, DOI sent PPT an email formally acknowledging receipt of the request. The email had an attached letter that stated the request had been assigned to the "'Normal' processing track for requests" that "generally take six to twenty workdays to process." DOI invoked a "10-workday extension" for its response because it would "need to search for and collect requested records from field facilities or other units that are separate from the office processing the request." DOI further clarified that it "classified [PPT] as a representative of the news media."

11. After months of silence from DOI, PPT followed up by email on February 27, 2023, asking DOI about the status of the request.

12. DOI replied on the same day, stating that it was "waiting to receive all of the potentially responsive records from one of the custodians" and that "[o]nce the records are received, [DOI would] assign the case to a processor for review."

13. On October 23, 2023, PPT followed up again to ask for an update.

14. On October 26, 2023, DOI responded that the "request is currently with a processor for review," that "[t]he record set does not look voluminous, but we do not know yet whether any consultations will be needed, and as always a legal sufficiency review will be done prior to release," and that it was "hopeful that [it would] be able to issue a response before end of year . . . ."

15. After over six months of further silence from DOI, PPT followed up once more with DOI on May 31, 2024.

16. DOI responded the same day, stating that it hoped "to have the initial processing done within the next couple of weeks."

17. Notwithstanding DOI's representation that PPT's request was on the "normal" track, which typically takes six to twenty work days to process, that the application record set "does not look voluminous," and that a response would likely come *before the end of 2023*, to date, DOI has failed to meaningfully respond to PPT's request.

18. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

19. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

20. Over 620 days have elapsed since PPT's request, yet DOI still has not made a determination. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOI has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any such withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

21. Given these facts, DOI has not met its statutory obligations to provide the requested records.

22. Through DOI's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. PPT's request was a properly submitted request for records within the possession, custody, and control of DOI.

c. DOI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. DOI is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. DOI's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOI to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant DOI complies with the requirements of FOIA and any and all orders of this Court.

(2) Order DOI to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: June 10, 2024                              Respectfully submitted,

                                                              PROTECT THE PUBLIC'S TRUST
                                                              By Counsel:

                                                              <u>/s/Gary M. Lawkowski</u>
                                                              Gary M. Lawkowski
                                                              D.D.C. Bar ID: VA125
                                                              DHILLON LAW GROUP, INC.
                                                              2121 Eisenhower Avenue, Suite 608
                                                              Alexandria, Virginia 22314
                                                              Telephone: 703-574-1654
                                                              GLawkowski@Dhillonlaw.com

                                                              Jacob William Roth
                                                              D.D.C. Bar ID: 1673038
                                                              DHILLON LAW GROUP, INC.
                                                              1601 Forum Plaza, Suite 403
                                                              West Palm Beach, Florida 33401
                                                              Telephone: 561-227-4959
                                                              JRoth@Dhillonlaw.com

                                                              *Counsel for the Plaintiff*